IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

C.A. No. 13-16629

MICHAEL A. FAZIO and KIM M. FAZIO
Plaintiffs-Appellants,

v.

BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, BANK
OF AMERICA, N.A., and MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,
Defendants-Appellees.

PLAINTIFFS-APPELLANTS MICHAEL A. FAZIO and KIM M. FAZIO'S
OPENING BRIEF

Appeal from the Judgment of the United States District Court
for the Northern District of California
Case No. 3:13-cv-00554-MEJ
(Honorable Maria-Elena James)

Michael Yesk, Esq.
CA Bar No. 130056
Megan Dailey, Esq.
CA Bar No. 221574
Yesk Law
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
Telephone: (925) 849-5525

Attorneys for Appellants
MICHAEL A. FAZIO and
KIM M. FAZIO

# TABLE OF CONTENTS

I.   JURISDICTIONAL STATEMENT ................................................................. 1

  A. Basis For The District Court's Jurisdiction .................................... 1

  B. Basis For The Appellate Court's Jurisdiction................................. 1

  C. Filing Dates Establishing The Timeliness of The Appeal ............... 2

  D. Appeal Is From A Final Order Or Judgment That Disposes Of All Parties' Claims.................................................................................................. 2

  E. Standard of Review........................................................................ 2

II.  STATEMENT OF THE ISSUES PRESENTED FOR REVIEW .................. 3

III. STATEMENT OF THE CASE...................................................................... 4

  A. Nature of the Case......................................................................... 4

  B. Course of Proceedings .................................................................. 4

  C. Disposition Below.......................................................................... 5

IV.  STATEMENT OF FACTS .......................................................................... 6

  A. Chain of Title ................................................................................ 6

  B. State Court Action......................................................................... 8

V.   SUMMARY OF THE ARGUMENT ............................................................ 8

VI.  ARGUMENT .............................................................................................. 9

  A. The District Court Erred in Ruling that Fazios' Action is Barred by Res Judicata............................................................................................... 9

    1. Standard for Review ................................................................ 9

  B. The District Court Erred in Ruling that Fazios' Action Satisfied the First Element of Res Judicata, Identity of Claims between Fazios' State Court Action and Federal Court Action. ................................................................ 11

  C. The District Court Erred in Ruling that Fazios' Action Satisfied the Second Element of Res Judicata, that their State Court Action was disposed in a Final Judgment on the Merits. ......................................................................... 16

D. The District Court Erred in Ruling that Fazios' Action Satisfied the Third Element of Res Judicata, Identity between the Parties in Fazios' State Court Action and Federal Court Action. ........................................................................ 20

E. The District Court Erred in Ruling that Fazios' FAC Failed to Allege Facts Sufficient to State a Claim for Relief. ........................................................................ 22

    1. Standard for review ........................................................................ 22

    2. Argument ........................................................................ 22

F. Fazios' First Amended Complaint Alleged Facts Sufficient to State a Claim For Breach of Express Agreement. ........................................................................ 24

G. Fazios' First Amended Complaint Adequately States a Claim for Violation of California Business and Professions Code § 17200 ........................................................................ 27

H. Fazio should have been Granted Leave to Amend ........................................................................ 31

VII. CONCLUSION ........................................................................ 32

VIII. STATEMENT OF RELATED CASES ........................................................................ 32

IX. CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS ........................................................................ 34

# TABLE OF AUTHORITIES

## Cases

*Allen v. McCurry*, 449 U.S. 90, 94 (1980) ................................................. 10

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) .................................. 22

*Balisteri v. Pacifica Police Dept.*, 901 F2d 696, 699 (9th Cir 1990)....................... 22

*Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 797 (2010)*......................18

*Cahill v. LibertyMut. Ins. Co.*, 80 F.2d 336, 337-38 (9th Cir. 1996) ...................... 16

*Campenella v. Campenella, 204 Cal. 515, 521 [269 P. 433]*........................19

*City of Los Angeles v. Mellus, 59 Cal. 444, 453*........................................19

*Dyment v. Board of Medical Examiners, 93 Cal.App. 65, 71* ............................19

*Erganian v. Brightman, 13 Cal.App.2d 696, 700*............................................19

*Fontenot v. Wells Fargo Bank, N.A. (2011) 198 Cal.App.4th 256, 272* .............12

*Forman v. Davis*, 371 U.S. 178, 182 (1962)...............................................30

*Glaski v. Bank of America*, 218 Cal.App.4th 1079, 1097. ......................... 12, 24

*Goddard v. Security Title Ins. & Guar. Co., (1939) 14 Cal.2d 47, 52*...............19

*Gomes v. Countrywide Home Loans, Inc. (2011) 192 Cal.App.4th 1149*........14, 24

*Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995) .............22

*Hartnett*, 69 Fed.Appx. at 976 .............................................................22

*Heilig v. Parlin,* 134 Cal. 99, 101-102 ....................................................19

*Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291..........................27

*In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005) ............................31

*Intri-Plex Techs. v. Crest Grp., Inc.*, 49 F.2d 1048, 1056 (9th Cir. 2007) ..........31

*Javaheri v. JPMorgan Chase Bank,* Case No. CV10-08185 ODW (2011)..........29

*Jolley v. Chase Home Finance, LLC.* No. A134019, (Cal.App. Feb. 11, 2013)....30

*L.K. Comstock & Co. v. United Eng'rs & Constructors, Inc.*, 880 F.2d 219, 221

(9th Cir. 1989) ..............................................................................20

*Lona v. Citibank, N.A.* (2011) 202 Cal. App. 4th 89................................27

*Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1377 (10th Cir. 1980) .............. 17

*Mabry v. Superior Court, 185 Cal. App. 4th 208, 236-37 (2010)*.....................12

*McComish v. Bennett*, 611 F.3d 510, 519 (9th Cir.2010) ............................... 3, 9, 21

*Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ...........9

*Morrell v. Morgan, 65 Cal. 575, 576-577* ................................................19

*Movsesian v. Victoria Versicherung AG*, 629 F.3d 901, 905 (9th Cir. 2010). 3, 9, 21

*Naranjo v.SBMC Mortgage (S.D. Cal., July 24, 2012, No. 11-cv-229-L(WVG))*

*2012 WL 3030370*............................................................................19

*Newhall v. Hatch, 134 Cal. 269, 272* ....................................................19

*Onofrio v. Rice* (1997) 55 Cal. App. 4th 413 ...........................................27

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)..9, 27
*Rennie v. Freeway Transport*, 294 Or 319, 329 ……………………………...…17
*Rice v. Crow, 81 Cal.App.4th 725, 733-734 (2000)*……………………….…..14
*Rose v. Ames, 68 Cal.App.2d 444, 448* …………………………………….…18
*Sacchi v. Mortgage Electronic Registration Systems, Inc., No. CV 11-1658 ARM:,*
    *2011 WL 2533029, at \*5 (C.D. Cal. June 24, 2011)*………………………15, 24
*San Mateo Union High School Dist. V. County of San Mateo (2013) 213*
    *Cal.App.4th 418, 441*……………………………………………………………15
*Schafer v. CitiMortgage, Inc., No. CV 11-03919 ODW, 2011 WL 2437267, \*4*
    *(C.D. Cal. June 15, 2011)*……………………………………………………24
*Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)…………………..21
*See v. Joughin, 18 Cal.2d 603, 606* ……………………………………………19
*Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1557 (10th Cir. 1995)………………22
*Takekawa v. Hole, 17 Cal.App. 653, 656* …………………………………….…19
*Tamburri v. Suntrust Mortgage, Inc., 2011 WL 6294472 at \*10-11 (N.D. Cal.*
    *2011)* …………………………………………………………12, 15, 27
*Tang v. Bank of Am., N.A., (C.D.Cal. 2012) 2012 U.S. Dist. LEXIS 38642 at p. \*14*
    ……………………………………………………………………………28
*Truckee-Carson Irrigation Dist., 649 F.2d at 1304* …………………………..20
*Van Winkle v Allstate Ins. Co.*, 290 F.Supp. 2d 1158, 1162, n.2 (C.D. Cal. 2003).22
*Vogan v. Wells Fargo Bank, N.A. et al*, 2011 WL 5826016, \*7……………….…23
*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969)….…...20

## Statutes

28 U.S.C. § 1291 ……………………………………………………………… 1
28 U.S.C. § 2201(a)……………………………………………………………… 1
28 U.S.C. § 1738 ……………………………………………………………… 9
28 U.S.C. § 1331 ……………………………………………………………… 1
California Business and Professions Code § 17200 …………….3, 4, 8, 11, 19, 21, 23
New York Trust Law Estates, Powers and Trusts § 7-2.4………………………..20

## Rules

Fed.R.Civ.P. 65 ……………………………………………………………… 15
Rule 12(b)(6) ……………………………………………………………… 10

## Treatises

18 Charles A. Wright, Arthur C. Miller & Edward H. Cooper, Federal Practice and
Procedure S 4415 at 124-125; and Annot., 40 A.L.R.3d 108 (1971) ..............14

*4 WITKIN, SUMMARY OF CALIFORNIA LAW (10TH ED. 2005) SECURED TRANSACTIONS IN
REAL PROPERTY, 168* .................................................................. 19

*MILLER AND STARR*, CALIFORNIA REAL ESTATE 3D, RECORDING PRIORITIES, 108-109
.............................................................................................. 14

Restatement, Judgments, § 50, Comments c and e...................................19

Restatement (Second) of Judgments §26(1)(b)................................. 12, 14

Restatement (Second) of Judgments § 41 .........................................21

## Law Review Articles

30 Cal.L.Rev. 487, Anno...................................................................19

106 A.L.R. 437, 444.......................................................................19

# I.   JURISDICTIONAL STATEMENT

## A.   Basis For The District Court's Jurisdiction

The United States District Court for the Northern District of California has original jurisdiction of this civil action. 28 U.S.C. § 1331. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Plaintiffs-Appellants Michael A. Fazio and Kim M. Fazio ("Fazio") are citizens of the State of California. Defendant Bank of New York Mellon FKA The Bank of New York, ("BNYM") is a New York Corporation having its principle place of business in New York County, New York. Defendant Bank of America, N.A. ("BANA") is a national banking association having its principle place of business in North Carolina. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in the State of Virginia.

The District Court also has jurisdiction pursuant to the Federal Declaratory Judgment Act. 28 U.S.C. § 2201(a).

## B.   Basis For The Appellate Court's Jurisdiction

This United States Court of Appeals has jurisdiction over this appeal as it arises from a final decision of a United States District Court. 28 U.S.C. § 1291.

C.    **Filing Dates Establishing The Timeliness of The Appeal**

Plaintiffs-Appellants filed their Notice of Appeal with the United States District Court for the Northern District of California ("District Court") on August 12, 2013. (ND of Cal. Case No. 3:13-cv-00554 MEJ) [ER 11 (doc. 38).]  The Circuit Mediator of the Ninth Circuit Court of Appeals determined the case would not be would not be included in the Mediation Program and decided to maintain the existing briefing schedule, as follows: Appellant shall file an opening brief on or before November 20, 2013; Appellees shall file an answering brief on or before December 20, 2013; appellant may file an optional reply brief within fourteen days from the service date of the answering brief.

D.    **Appeal Is From A Final Order Or Judgment That Disposes Of All Parties' Claims**

The United States District Court for the Northern District of California entered an order granting Defendants-Appellees' motion to dismiss Plaintiffs' claims with prejudice. (ND of Cal. Case No. 3:13-cv-00554 MEJ) [ER 1-10 (doc.37).] That order was a final decision.

E.    **Standard of Review**

The District Court's order should be reviewed de novo. *Movsesian v. Victoria Versicherung AG*, 629 F.3d 901, 905 (9th Cir. 2010).  The court should look at the matter anew, the same as if it had not been heard before, and as if no

2

decision previously had been rendered, giving no deference to the District Court's determinations. *McComish v. Bennett*, 611 F.3d 510, 519 (9th Cir. 2010).

## II.    STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether the District Court erred in ruling that Fazio's action was barred by res judicata.

Whether the district court erred in ruling that Fazio's action satisfied the first element of res judicata, identity of claims between Fazio's state court action and federal court action.

Whether the District Court erred in ruling that Fazio's action satisfied the second element of res judicata, that their state court action was disposed of in a way that qualifies as a final judgment on the merits.

Whether the District Court erred in ruling that Fazio's action satisfied the third element of res judicata, identity or privity between the parties in Fazio's state court action and federal court action.

Whether the District Court erred in ruling that Fazio's first amended complaint failed to allege facts sufficient to state a claim for breach of express agreement.

Whether the district court erred in ruling that Fazio's first amended complaint failed to allege facts sufficient to state a claim for violation of California Business and Professions Code § 17200.

Whether the District Court erred in denying Fazio leave to amend their complaint.

3

## III.   STATEMENT OF THE CASE

### A. Nature of the Case

On October 16, 2006, Plaintiffs-Appellants Michael A. Fazio and Kim M. Fazio entered into a residential mortgage loan and executed a Deed of Trust with HCI West, Inc. ("HCI") as the lender, Financial Title as trustee and MERS, as Beneficiary. [ER 73 (doc. 27).]

On August 24, 2011, Recontrust, as agent for the Beneficiary, recorded a Notice of Default regarding Plaintiffs-Appellants Fazio's Deed of Trust. [ER 144 (doc. 8-1-D).]  On November 29, 2011, Recontrust, as Trustee under the Deed of Trust, recorded a Notice of Trustee's Sale and foreclosed on Fazio's property. [ER 149 (doc. 8-1-E).]  Plaintiffs-Appellants challenge the validity of the securitization process and Defendants-Appellees right to foreclosure on their property.

### B.   Course of Proceedings

On February 8, 2013, Fazio filed their complaint in the United States District Court for the Northern District of California ("District Court") bringing claims for breach of contract, violations of California Business and Professions Code § 17200, and injunctive relief. (ND of Cal. Case No. 3:13-cv-00554 MEJ) [ER 176-190 (doc. 1.)]  On March 18, 2013, the original Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (ND of Cal. Case No. 3:13-cv-00554

4

MEJ) [ER 93-116 (doc. 8.)]  On May 10, 2013, the Court found that Plaintiffs failed to demonstrate a basis for either diversity or federal question jurisdiction but granted Plaintiffs leave to amend their Complaint to establish diversity jurisdiction. (ND of Cal. Case No. 3:13-cv-00554 MEJ) [ER 85-92 (doc. 26.)]

On June 4, 2013 Plaintiffs filed their first amended complaint ("FAC"), bringing claims for breach of express agreements, breach  of implied agreements, violations of California Business and Professions Code § 17200, declaratory relief and injunctive relief, and removed Recontrust from the list of Defendants in order to establish diversity jurisdiction. (ND of Cal. Case No. 3:13-cv-00554 MEJ) [ER 71-84 (doc. 27.)]  On June 21, 2013, Defendants filed a motion to dismiss the FAC. (ND of Cal. Case No. C 13-554 MEJ) [ER 48-70 (doc. 28.)]  On July 5, 2013, Fazio filed a response to the motion to dismiss. (ND of Cal. Case No. 3:13-cv-00554 MEJ) [ER 24-47 (doc. 30.)]  Defendants filed a reply brief in support of the motion to dismiss.  Defendants also contemporaneously filed a motion to strike Plaintiffs' FAC, but the court denied Defendants' motion in its entirety.

C.    **Disposition Below**

On July 24, 2013, the district court granted the motion to dismiss. (ND of Cal. Case No. 3:13-cv-00554 MEJ) [ER 1-10 (doc. 37.)]

## IV.    STATEMENT OF FACTS

### A.    Chain of Title

Plaintiffs-Appellants Michael A. Fazio and Kim M. Fazio ("Fazio") recorded a Deed of Trust ("DOT") in the Alameda County Recorder's Office against their real property located at 1468 East Avenue, Hayward, California 94541 ("Subject Property") to secure a Promissory Note in the amount of $595,000 in favor of HCI West, Inc. ("HCI") as original "Lender." The Deed of Trust names Financial Title as Trustee and MERS is named as the Beneficiary. [ER 123-138 (doc. 8-1-A).]

In December, 2007, HCI's license was revoked by the State of California and ceased conducting business. [ER 178 (doc. 1).]

On August 24, 2011, Recontrust, as agent for the beneficiary, recorded a Notice of Default and Election to Sell Under Deed of Trust in the Alameda County Recorder's Office, thus initiating the foreclosure process. [ER 144 (doc. 8-1-D).]

Also on August 24, 2011, a Substitution of Trustee ("Substitution") was also recorded in the Alameda County Recorder's Office. Through this document, MERS purports to make a substitution of Trustee under the DOT in favor of Recontrust. [ER 140 (doc. 8-1-D).]

In addition, on August 24, 2011, a Corporate Assignment of Deed of Trust ("Assignment") was recorded in the Alameda County Recorder's Office. The

6

Assignment purports to convey the beneficial interest in the DOT from MERS to BNYM, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-40T1, Mortgage Pass-Through Certificates, Series 2006-40T1 ("CWALT Series 2006-40T1 Trust"). This document was signed by Flor Valerio, allegedly an "Assistant Secretary" of MERS. [ER 142 (doc. 8-1-C).]

Fazio alleges that the August 24, 2011 purported Assignment was executed and recorded after the closing date of the CWALT Series 2006-40T1 Trust as designated in the Pooling and Servicing Agreement ("PSA"). The failure to execute this transfer before the closing date of November 29, 2006 violates the PSA which requires that Plaintiffs' Note and DOT be properly endorsed, transferred, accepted, and deposited with the Securitized Trust (or custodian) on or before designated closing date. [ER 74 (doc. 27), ER 37 (doc. 30, p.9).]

Fazio alleges that the failure to transfer the DOT before the closing date means that BNYM and the CWALT Series 2006-40T1 Trust cannot claim any legal or equitable right, title, or interest in Fazio's DOT. Fazio therefore alleges that this failure to properly securitize has resulted in an imperfect lien that Defendants cannot enforce in any way. [ER 74 (doc. 27).]

**B.     State Court Action**

On December 15, 2011, Fazio filed a Complaint against BNYM and BANA in the Alameda County Superior Court ("the Superior Court Action"), Case No. RG11608571. [ER 206-216.] The complaint alleged only one cause of action, for slander of title. (*Id.*) The Superior Court granted the Defendants Demurrer and granted Fazio leave to amend the complaint. (*Id.*) On July 27, 2012, Fazio filed their First Amended Complaint [ER 193-205.] On October 10, 2012, Fazio attempted to voluntarily dismiss their amended complaint. [ER 32 (doc. 30)] The Defendants demurrer to Fazio's First Amended Complaint and on October 11, 2012, the Superior Court sustained the demurrer and gave Fazio the opportunity to file their Second Amended Complaint. [ER 159-161 (doc. 8-1-H).] On November 8, 2012, the Superior Court vacated the dismissal without prejudice. [ER 165-168. (doc. 8-1-J)] On November 15, 2012, the Superior Court filed a Judgment dismissing Plaintiff's action. [ER 170-172. (doc. 8-1-K)]

## V.     SUMMARY OF THE ARGUMENT

The District Court erred in ruling that Fazio's FAC is barred by res judicata. Defendants-Appellees' assertion that Fazio cannot state a claim for breach of contract arising from any alleged wrongful foreclosure because they have failed to allege tender is also invalid. Defendants-Appellees' also alleged that Fazio cannot

8

state a claim for violation of California Business and Professions Code § 17200 because they failed to allege tender, and have not pled that their financial damages arise from Defendants' business practices and not from their own undisputed default under the subject loan, this claim is unfounded. The order granting dismissal of Fazio's complaint was thus improvidently granted. This case should be remanded with instructions to reverse the dismissal and allow Fazio an opportunity to prove their claims.

## VI.    ARGUMENT

### A. The District Court Erred in Ruling that Fazio's Action is Barred by Res Judicata.

#### 1. Standard for Review

The district court's order should be reviewed *de novo*. *Movsesian v. Victoria Versicherung AG*, 629 F.3d 901, 905 (9th Cir. 2010). The court should look at the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered, giving no deference to the district court's determinations. *McComish v. Bennett*, 611 F.3d 510, 519 (9th Cir. 2010).

#### 2.    Argument

The doctrine of res judicata is applicable when all of the following elements are satisfied: (1) an identity of claims; (2) a final judgment on the merits; and (3)

identity or privity between the parties. *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001) (citing *W. Radio Servs. Co. V. Glickman,* 123 F. 3d 1189, 1192 (9th Cir. 1997).

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts "give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984).

Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action. As this Court and other courts have often recognized, res judicata relieves parties of the costs and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication. *Allen v. McCurry,* 449 U.S. 90, 94 (1980).

Underlying the standard of res judicata, is the need to strike a delicate balance between the interests of the defendant and of the courts in bringing litigation to a close and the interest of the plaintiff in the vindication of a just claim.

In this case, all of the above listed elements of res judicata were not met as Fazio successfully alleged in their Opposition to the Defendant's Motion to Dismiss. [ER 33-34 (doc. 30).] As established below, Fazio's action does not

satisfy the first element of res judicata, identity of claims; Fazio's action does not satisfy the second element of res judicata, final judgment on the merits in a previous proceeding; Fazio's action does not satisfy the third element of res judicata, identity of parties.

According to the Court in *Owens*, all three of the res judicata elements must be satisfied in order for res judicata to bar an action. 244 F.3d at 713. As established below and in Fazio's Opposition to the Defendants-Appellees' Motion to Dismiss, none of the three elements of res judicata is applicable to their case. Therefore, the District Court erred in finding that Fazio's FAC was barred by res judicata, and Defendants-Appellees' motion to dismiss should have been denied.

**B. The District Court Erred in Ruling that Fazio's Action Satisfied the First Element of Res Judicata, Identity of Claims between Fazio's State Court Action and Federal Court Action.**

There is not an identity of claims between Fazio's Superior Court action and the District Court action being reviewed here. First, Fazio's Superior Court complaint, filed December 15, 2011, alleged causes of action for quiet title, slander of title, and injunctive relief. [ER 206-216.] Fazio's original District Court complaint, filed February 8, 2013, alleged causes of action for breach of contract, violations of California Business and Professions Code § 17200, and injunctive relief. [ER 176-190. (doc. 1)]

11

Fazio's FAC was amended to add the following causes of action: breach of express agreements, breach of implied agreements, and declaratory relief. [ER 71-84. (doc. 27)] The only common cause of action between Fazio's Superior Court complaint and their District Court complaint is injunctive relief. Due to the broad range of claims injunctive relief is applicable to, it is insufficient as the only common claim between the state court action and the federal action to satisfy the first element of res judicata, identity of claims. Injunctive relief is a remedy and Fazio merely requested the Court grant such injunctive relief as it may deem proper for the causes of action pled above. Injunctive relief from foreclosure may be granted where the foreclosing entity lacks the power of sale. *See Tamburri v. Suntrust Mortgage, Inc.*, 2011 WL 6294472 at *10-11 (N.D. Cal. 2011) (*citing Sacchi v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2533029, *8 (C.D. Cal. 2011)) (holding that there is a valid cause of action where there are "facts suggesting the foreclosing party had no legal interest in the deed at the appropriate time"); *see also Mabry v. Superior Court*, 185 Cal. App. 4th 208, 236-37 (2010).

Plaintiffs' claims are distinguishable from the causes of action alleged in Fazio's Superior Court complaint under *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 and *Glaski v. Bank of America*, 218 Cal.App.4th 1079, 1097. The prejudice complained of in Fazio's Superior Court complaint is

not at issue because Appellants have not alleged a Wrongful Foreclosure cause of action. Even if Fazio were required to show prejudice to prevail on the causes of action contained in the FAC, the Court in *Glaski v. Bank of America*, 218 Cal.App.4th 1079, 1097 states that Plaintiffs have standing in the case of void assignments, rather than acts that are merely voidable because the harm to certificate holders would be irreversible or nearly irreversible in the case of a void assignment and so public policy dictates standing as well and in the case of trusts created under New York Trust Law Estates, Powers and Trusts § 7-2.4. Fazio alleged or seeks leave to amend to do so that the trust here was created under New York Trust Law, and that a post-closing transfer occurred as in *Glaski,* based on evidence in the district court record demonstrating that the August 24, 2011 Assignment of Deed of Trust purports to convey the beneficial interest in Fazio's Deed of Trust from MERS to Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-40t1, Mortgage Pass-Through Certificates, Series 2006-40T1 ("Series 2006-40T1 Trust"). [ER 142 (doc. 8-1)] This Assignment was executed and recorded after the closing date of the CWALT Series 2006-40T1 Trust as designated in the PSA. The failure to execute this transfer before the closing date of February 27, 2007 violates the PSA which requires that Plaintiffs' Note and Deed of Trust be properly endorsed, transferred, accepted, and deposited with the Securitized Trust (or

13

custodian) on or before designated closing date.  This claim is distinct from the claims in the Superior Court complaint due to the fact its standing is grounded in public policy favoring a holding that acts in contravention of the trust are void, instead of voidable, so as to avoid penalty to the certificate-holders of adverse tax treatment.

Fazio's District Court complaint can be distinguished from the facts in *Fontenot* in which it was held there was no prejudice to Plaintiffs because the assignee Wells Fargo, merely stepped into the shoes via an assignment MERS of a perfectly legal negotiable instrument which was then foreclosed upon in a non-judicial sale free from collusion or violation of procedural requirements.  The case here for Appellants is such that Appellants are not challenging MERS lack of authority as nominee such that Plaintiffs must demonstrate collusion or procedural violations in order to demonstrate prejudice, but instead, Appellants claims for breach of contract, violation of Business and Professions Code § 17200, and declaratory relief are alleged on grounds that the post-closing assignment abrogated the legal right to enforce the power of sale, collect on the debt or enforce the underlying security instrument in any manner. *See Glaski, supra*, 218 Cal.App.4th at p. 1099, *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, *Naranjo v.SBMC Mortgage* (S.D. Cal., July 24, 2012, No. 11-cv-229-L(WVG)) 2012 WL 3030370.

14

Therefore, the District Court erred in ruling that Fazio's action satisfied the first factor of res judicata.

Fazio's District Court complaint can also be distinguished from the facts in *San Mateo Union High School Dist. V. County of San Mateo* (2013) 213 Cal.App.4th 418, 441 because there the Plaintiffs failed to allege that Defendants breach of its obligation proximately caused harm. Fazio's FAC filed in District Court should be allowed to proceed because Fazio asserted that the entity which initiated the foreclosure lacked the right to foreclose due to execution of the void Assignment which breached Fazio's Deed of Trust. *See Tamburri v. Suntrust Mortgage, Inc.,* 2011 WL 6294472 at *10-11 (N.D. Cal. 2011) (*citing Sacchi v. Mortgage Electronic Registration Systems, Inc.,* 2011 WL 2533029, *8 (C.D. Cal. 2011)) (holding that there is a valid cause of action where there are "facts suggesting the foreclosing party had no legal interest in the deed at the appropriate time"). [ER 74, ¶ 15 – 17 (doc. 27)].

Even if the District Court had been correct in determining that there was identity of claims between the Superior Court action and the District Court action, exceptions to this rule do apply. According to the Second Restatement of Judgments, "it may appear in the course of an action that the plaintiff is splitting a claim, but that there are special reasons that justify his doing so, and accordingly that the judgment in the action ought not to have the usual consequences of

15

extinguishing the entire claim; rather the plaintiff should be left with an opportunity to litigate in a second action that part of the claim which he justifiably omitted from the first action." Restatement (Second) of Judgments §26(1)(b). Here, Fazio did not make the same claims in the District Court action as they alleged in the Superior Court action. Therefore, even if Fazio intentionally omitted certain claims from the Superior Court action, he should have had the opportunity to litigate these omitted claims in the District Court action.

## C. The District Court Erred in Ruling that Fazios' Action Satisfied the Second Element of Res Judicata, that their State Court Action was disposed in a Final Judgment on the Merits.

The Superior Court action, the District Court relied on when evaluating Defendants-Appellees' res judicata claim, was not disposed of in a final judgment on the merits. On October 10, 2012, Fazio attempted to voluntarily dismiss their amended complaint. [ER 32 (doc. 30)] On October 11, 2012 the Superior Court sustained the Defendants-Appellees demurrer and gave Fazio the opportunity to file their Second Amended Complaint. [ER 159-161 (doc. 8-1-H).] The Order of the Superior Court Action states:  "Plaintiffs shall file and serve their Second Amended Complaint within 15 days from the date of mail service on the court's order  Defendant shall file and serve responsive pleadings within 15 days from service of the First Amended Complaint." [ER 160 (doc. 8-1-H).]  The Superior

16

Court filed a subsequent judgment on November 15, 2012. [ER 170-172 (doc. 8-1-K).]

The District Court based its determination that Fazio's Superior Court action had been disposed of in a final judgment on the merits, on the Superior Court's November 15, 2012 ruling dismissing Fazio's case. [ER 10 (doc.37).]  The District Court erred in making this determination and instead should have reviewed the Superior Court's October 11, 2012 and October 24, 2012 rulings in which the Superior Court actually ruled on claims made in Fazio's complaint and first granted Fazio leave to amend and then dismissed the case without prejudice. [ER 159-161 (doc. 8-1-H).]  According to these two Superior Court rulings, the District Court erred in determining that a final judgment was entered in the Superior Court Action.  The November 15, 2012 Order was not a final judgment on the merits because it was not based on the facts and evidence of the case. [ER 33 (doc. 30).]

Even if the District Court had been correct in determining that the Superior Court action was disposed of in a way that constitutes a final judgment on the merits, exceptions to this rule do apply.   Consent or tacit agreement is clear justification for splitting a claim. Restatement (Second) of Judgments § 26(1)(a), and comment a (1982).  The principle of res judicata need not be enforced where different entities have implicitly consented to the splitting of claim under state and federal laws. See *Rennie v. Freeway Transport*, 294 Or 319, 329 n. 9 (citing 18

Charles A. Wright, Arthur C. Miller & Edward H. Cooper, Federal Practice and Procedure S 4415 at 124-125; and Annot., 40 A.L.R.3d 108 (1971)).

This Court should note that Appellants did not allege a cause of action for breach of contract in Fazio's Superior Court action. Therefore, Defendants cannot argue that a final judgment was entered in the Superior Court Action on breach of contract. California case law such as *Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 797* (2010) and *Rice v. Crow*, 81 Cal.App.4th 725, 733-734 (2000) do not pertain to causes of action such as Appellants' derivative causes of action for violations of Business and Professions Code section 17200 and declaratory relief, especially given the fact that in the Superior Court action, Appellants were given leave to amend. Therefore, the facts are wholly different from those in *Boeken* where res judicata was found to apply to successive claims for loss of consortium and wrongful death in which there was a dismissal with prejudice and *Rice* where the doctrine was not found to apply. Appellants maintain neither res judicata nor collateral estoppel applies to the causes of action in Fazio's FAC filed in the District Court because the Plaintiffs were allowed leave to amend, and because there was no final decision on the merits.

It is well-settled that if new or additional facts are alleged that cure the defects in the original pleading, the former judgment is not a bar to the subsequent action whether or not plaintiff had an opportunity to amend his complaint.

18

*Goddard v. Security Title Ins. & Guar. Co., supra; Newhall v. Hatch*, 134 Cal. 269, 272 [66 P. 266, 55 L.R.A. 673]; *Heilig v. Parlin*, 134 Cal. 99, 101-102 [66 P. 18]; *Morrell v. Morgan*, 65 Cal. 575, 576-577 [4 P. 580]; *City of Los Angeles v. Mellus*, 59 Cal. 444, 453; *Rose v. Ames*, 68 Cal.App.2d 444, 448 [156 P.2d 953]; *Dyment v. Board of Medical Examiners*, 93 Cal.App. 65, 71 [268 P. 1073]; *Takekawa v. Hole*, 17 Cal.App. 653, 656 [121 P. 296]; see *See v. Joughin,* 18 Cal.2d 603, 606 [116 P.2d 777]; *Campenella v. Campenella,* 204 Cal. 515, 521 [269 P. 433]; *Erganian v. Brightman,* 13 Cal.App.2d 696, 700 [57 P.2d 971]; Restatement, Judgments, § 50, Comments c and e; 30 Cal.L.Rev. 487; Anno., 106 A.L.R. 437, 444.

In the present case, the District Court was found to have jurisdiction over Fazio's case and thus the State of California and the United States of America have consented to splitting Fazio's claims. Therefore, the Superior Court dismissal of Fazio's claims does not affect the jurisdiction of the federal courts over these claims and the Superior Court order does not qualify as a final judgment on the merits. The District Court erred in determining the Superior Court order satisfied the second element of res judicata, final judgment on the merits, and thus barred Fazio's action.

**D. The District Court Erred in Ruling that Fazio's Action Satisfied the Third Element of Res Judicata, Identity between the Parties in Fazio's State Court Action and Federal Court Action.**

There is not identity of parties between Fazio's Superior Court action and the District Court action being reviewed here. First, Fazio's Superior Court complaint, filed December 15, 2011, did not name Recontrust or MERS as Defendants. [ER 206.] Fazio's original District Court complaint, filed February 8, 2013, named Recontrust, MERS, BNYM, and BANA as Defendants. [ER 176 (doc. 1).]

Fazio's FAC was amended to remove Recontrust as Defendant. [ER 50 (doc. 27).] The Superior Court and the District Court cases only share two common Defendants which is insufficient to satisfy the third element of res judicata, identity of parties. The rule is that "one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110* (1969)(*citing Hansberry v. Lee,* 311 U.S. 32, 40-41(1940).

"Privity and fairness exist if a party represented the interests of the non-party, such as a guardian or fiduciary might represent a ward or beneficiary." *Truckee-Carson Irrigation Dist.,* 649 F.2d at 1303. Here MERS was not represented by anyone that was a party to the action and so cannot be bound by the judgment (if there was a final judgment – which Appellants dispute) via privity,

20

given the fact it purports to be the fiduciary under the Deed of Trust. See Restatement (Second) of Judgments § 41 (1982); *see also Kersh Lake Drainage Dist. V. Johnson,* 309 U.S. 485, 491 (1940). Even if privity were applied mutually which has not been the application to date of claim preclusion, "[f]airness requires that courts place these limits on the binding effects of judgments obtained by representatives.... [A] holding within one of the exceptions is essentially equivalent to a finding that preclusion against the represented party would be a denial of due process. In such cases the "represented" persons are not in privity with the "representative" parties." *Truckee-Carson Irrigation Dist.,* 649 F.2d at 1304; *see also L.K. Comstock & Co. v. United Eng'rs & Constructors, Inc.,* 880 F.2d 219, 221 (9th Cir. 1989). Therefore, the District Court erred in ruling that Fazio's action satisfied the third element of res judicata.

As established above, Fazio's action does not satisfy any of the three elements of res judicata. All three elements must be satisfied in order for the doctrine of res judicata to bar an action. *Owens,* 244 F.3d at 713. Therefore, the District Court erred in granting Defendants-Appellees' motion to dismiss on the basis that Fazio's action was barred by the principle of res judicata.

21

**E.  The District Court Erred in Ruling that Fazio's FAC Failed to Allege Facts Sufficient to State a Claim for Relief.**

### 1.  Standard for review

The District Court's order should be reviewed *de novo*. *Movsesian v. Victoria Versicherung AG*, 629 F.3d 901, 905 (9th Cir. 2010).  The court should look at the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered, giving no deference to the district court's determinations. *McComish v. Bennett*, 611 F.3d 510, 519 (9th Cir. 2010).

### 2.  Argument

A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint.  "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamc Development Corp.*, 108 F.3d 246, 49 (9th Cir. 1997).  A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir 1990); *Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995).

22

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.2d 336, 337-38 (9ᵗʰ Cir. 1996).

Also, in resolving a Rule 12(b)(6) motion, a court *cannot consider material outside the complaint. Van Winkle v Allstate Ins. Co.*, 290 F.Supp. 2d 1158, 1162, n.2 (C.D. Cal. 2003) (emphasis supplied).

"Where different ultimate inferences may properly be drawn, the case is not one for a summary judgment." *Hartnett*, 69 Fed.Appx. at 976; *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1377 (10th Cir. 1980). Thus, at the summary judgment stage, the court may not "assess the credibility of ... conflicting testimony." *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1557 (10th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

In this case, Fazio has alleged facts sufficient to state each of their claims for relief. The district court did not make a determination on any of Defendants-Appellees' claims besides res judicata. The district court erred in dismissing

23

Fazio's action on the basis of res judicata and Defendants-Appellees' motion to dismiss should have been denied.

## F.    Fazio's First Amended Complaint Alleged Facts Sufficient to State a Claim For Breach of Express Agreement.

In their Motion to Dismiss Plaintiffs' FAC, Defendants-Appellees allege that Fazio's breach of contract ("breach of express agreements") claim fails because the recorded documents establish Defendants-Appellees' authority to foreclose on Fazio's home. [ER 65 (doc. 28, p.11).] Fazio's breach of contract claim is based on the fact that Defendants-Appellees, BNYM and BANA are in breach of the PSA for the CWALT 2006-40T1 Trust and the power of sale provision of Fazio's Deed of Trust. [ER 37 (doc. 30).]

Courts have recognized a borrower's right to bring claims challenging a party's interest under a deed of trust. *See Vogan v. Wells Fargo Bank, N.A. et al,* 2011 WL 5826016, *7; *Schafer v. CitiMortgage, Inc.,* No. CV 11-03919 ODW, 2011 WL 2437267, *4 (C.D. Cal. June 15, 2011); *Sacchi v. Mortgage Electronic Registration Systems, Inc.,* No. CV 11-1658 ARM:, 2011 WL 2533029, at *5 (C.D. Cal. June 24, 2011) ("It is true, as Defendants repeatedly assert, that California Civil Code § 2924, et seq. authorizes non-judicial foreclosures in this state. It is not the case, however, that the availability of a non-judicial foreclosure process somehow exempts lenders, trustees, beneficiaries, servicers, and the numerous other (sometimes ephemeral) entities involved in dealing with Plaintiffs from

24

following the law."). *Gomes v. Countrywide,* 192 Cal. App. 4th 1149 (2011), held that California Civil Code § 2924(a)(1) does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized." *Supra,* at*1155. But the issue in *Gomes* was not whether the wrong entity had initiated foreclosure; rather, the issue was whether the company selling the property in the non-judicial foreclosure sale (MERS) was authorized to do so by the owner of the promissory note. *See id.* at 1155. That is, *Gomes* involved a challenge to whether an agent had the authorization of its principal, who was the undisputed beneficiary under the deed of trust, to enforce the power of sale under the Deed of Trust. It was not, as here, a challenge to the principal's claimed status as beneficiary under the deed of trust.

Plaintiffs are not challenging legal securitization under paragraph 20 of the DOT, but late transfer to the trust in violation of the Pooling and Servicing Agreement for the CWALT 2006-40T1 Trust. This Court should follow the line of cases imposing a literal interpretation of New York Trust Law Estates, Powers and Trusts § 7-2.4 which was relied upon in *Glaski v. Bank of America*, 218 Cal.App. 4th 1079: that acts in contravention of the trust are void and not voidable. The late assignment should be held to be void instead voidable because applying the literal interpretation of New York Trust Law furthers the statutory purpose which is to protect the trust beneficiaries from wrongful acts of the trustee, in this case,

25

adverse tax consequences of the trust losing its Real Estate Mortgage Investment Conduit ("REMIC") status.

According to the PSA, the CWALT 2006-40T1 Trust must have received the Assignment of the Beneficial Interest of the Deed of Trust within 90 days of the close of the Trust. [ER 37 (doc. 30, p.9).] The closing date for the CWALT 2006-40T1 Trust was November 29, 2006. [ER 37 (doc. 30, p.9).] In this case, MERS recorded the Assignment in favor of BNYM on August 24, 2011, years after the closing date of the Trust. [ER 142 (doc. 8-1-C).] Therefore, the Assignment was invalid and as such, the NOD is also invalid because Recontrust was not acting on behalf of the true beneficiary in executing the NOD. [ER 37 (doc. 30).] Also, the Assignment and the NOD were recorded the same day, giving rise to the presumption that the Assignment was fabricated to create a legal right to foreclose, where there was none. [ER 37 (doc. 30).]

As established by Fazio in their Opposition to the Motion to Dismiss, the Deed of Trust states that if Lender invokes the power of sale, the Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the property to be sold and that Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. [ER 37-38 (doc. 30).]

26

In the present case, the NOD was recorded by Recontrust who could not have been the true trustee because Recontrust was not appointed by the true beneficiary. [ER 38 (doc. 30).] Therefore, Recontrust, and BYNM breached the DOT and the PSA for CWALT 2006-40T1 Trust when they falsely recorded the NOD and NOTS against Fazio's home. [ER 38 (doc. 30).] According to the above references to Fazio's Opposition to Defendants' Motion to Dismiss, Fazio clearly stated facts sufficient to state a claim for breach of express agreement. The Defendants-Appellees assertion that Fazio's breach of contracts claim fails because the recorded documents establish Defendants-Appellees' authority to foreclose on Fazio's home is unfounded.

## G. Fazio's First Amended Complaint Adequately States a Claim for Violation of California Business and Professions Code § 17200.

Defendants-Appellees claim that Fazio cannot state a claim for violation of California Business and Professions Code § 17200 because they have failed to allege tender. [ER 69 (doc. 28).] Defendants-Appellees also assert that Fazio cannot state a claim for violation of California Business and Professions Code § 17200 because Fazio has not pled that their alleged financial damages arise from Defendants' business practices and not from their own undisputed default under the subject loan. [ER 42 (doc. 30).] Both of Defendants-Appellees' claims are unfounded as will be explained below and should be rejected.

27

Defendants-Appellees assert that Fazio lacks standing to challenge the foreclosure of their home according to the tender rule. [ER 69 (doc. 28).] Defendants' assertion is incorrect because, as established in Fazio's Opposition to Defendants' Motion to Dismiss, the requirement that a borrower seeking to set aside a foreclosure sale must first tender the full amount of the debt is not an absolute rule. [ER 35 (doc. 30).]  Here, an exception to the tender rule applies because it would be inequitable to require tender. [ER 35 (doc. 30).]  California courts have affirmed this exception, an offer of "tender may not be required where it would be inequitable to do so." *Onofrio v. Rice* (1997) 55 Cal. App. 4th 413, 424 .  *See also Lona v. Citibank, N.A.* (2011) 202 Cal. App. 4th 89, 113; *Sacchi*, 2011 WL 2533029 at *10; *Tamburri*, 2011 WL 6294472 at *3; *Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291.

Here, Fazio are not required to tender the amount due in order to challenge the invalid foreclosure of their home.  In the instant case, as in *Lona, Sacchi* and *Tamburri*, Fazio should not be required to make a full tender offer because they are challenging that Defendants-Appellees lacked the legal power to foreclose and requiring tender under these circumstances would be inequitable due to violations of: the California Business and Professions Code, the PSA for the securitized trust, and, the terms of Fazio's Deed of Trust.

Furthermore, the tender rule does not apply prior to trustee's sale, which is the case here. *Tang v. Bank of Am., N.A.*, (C.D.Cal. 2012) 2012 U.S. Dist. LEXIS 38642 at p. *14. Appellants' property has not been sold.

Regarding Defendants-Appellees' second challenge to Fazio's claim for violation of California Business and Professions Code § 17200, that Fazio has not pled that their alleged financial damages arise from Defendants' business practices and not from their own undisputed default under the subject loan. [ER 42 (doc. 30).] Defendants-Appellees' assertion is unfounded. In their FAC, Fazio alleged the following damages that resulted from Defendants-Appellees improper and deceptive business practices:

> "Pecuniary damages were sustained by Plaintiffs as a result of the above-mentioned violations and wrongfully recorded documents. These documents cause economic damages to Plaintiffs because they disclose a claim of right, title or interest in the subject property which gives rise to a need for policy endorsements for title insurance, settlement of a claim shown on a title report, and/or a significant dissuasive factor for any prospective purchaser inspecting the property for sale, and/or its disclosures, any and all of which factors negatively affected and continue to affect the purchase price of the Subject Property, and vendibility, of the Subject Property in an amount to be proven at trial.

> 51. The recording of the aforementioned documents made if necessary for Plaintiffs to retain attorneys and to bring this action to cancel the instruments casting doubt on Plaintiffs' title. Therefore, Plaintiffs are entitled to recover attorneys' fees and costs incurred in cancelling the instrument. The exact amount of such damages is not known to Plaintiffs at this time, and Plaintiffs will move to amend this

29

complaint to state such amount when the same becomes known, or on proof at the time of trial." [ER 82 (doc. 27).]

Further, in their Opposition to the Motion to Dismiss, Fazio alleged that Defendants-Appellees committed the following wrongful acts which caused Fazio damages; "Defendants were not authorized by the actual Beneficiary of the Deed of Trust to provide servicing activities to Plaintiffs' Deed of Trust and that from November 29, 2006 through August 24 2011, (almost five years after its rights as Servicer, Trustee, or agent thereof under the Trust were terminated) Defendants continued wrongfully to send monthly bills to the Mortgagors or profited therefrom, which bills the Mortgagors paid." [ER 43 (doc. 30).]

Fazio's Opposition to Defendants' Motion to Dismiss also alleged that BANA improperly claimed that it received the right to foreclose when HCI's license was revoked and its servicing rights were transferred to BANA pursuant to a Purchase and Assumption Agreement ("PAA"). [ER 45 (doc. 30).] The United States District Court for the Central District of California, citing case law from the United States Supreme Court, the United States Court of Appeals for the 9th Circuit, and California state courts, has found that a PAA fails to transfer the right to foreclose. *Javaheri v. JPMorgan Chase Bank,* Case No. CV10-08185 ODW (June 2, 2011). [ER 45 (doc. 30).]

BANA, as successor in interest to HCI, is liable for the wrongful acts of HCI. The PAA also does not relieve BANA of liability for any wrongful actions

30

of HCI West, as established in *Jolley v. Chase Home Finance, LLC.* No. A134019, (Cal.App. Feb. 11, 2013) unpublished. In *Jolley*, the court held that the PAA was not sufficient to relieve Chase of liability of WaMu with respect to the wrongful securitization. Thus, BANA is liable for Fazio's damages that were caused by it directly and by HCI.

Fazio has sufficiently stated a claim for Violation of California Business and Professions Code § 17200. As was established above, Defendants-Appellees claims, that Fazio cannot state a claim for violation of California Business and Professions Code § 17200 because they have failed to allege tender and have not pled that their damages arise from Defendants' business practices, are unfounded and should be rejected.

## H. Fazio should have been Granted Leave to Amend

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Rule 15(a) empowers the court to freely grant leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment ..." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.,*

31

*Inc.*, 49 F.2d 1048, 1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)).

Here, Fazio's claims are sufficiently plead. However, even if they were not, Fazio should have been allowed leave to amend to cure any deficiencies that existed on the face of the complaint. To summarily dismiss the Complaint without leave to amend was an abuse of authority.

## VII.  CONCLUSION

The District Court improperly determined issues of fact. The order granting dismissal of Fazio's complaint was thus improvidently granted. This case should be remanded with instructions to reverse the dismissal and allow Fazio an opportunity to prove their claims.

## VIII. STATEMENT OF RELATED CASES

There are no other cases in this Court that are related.

Respectfully submitted this 19th day of November, 2013.

*s/Megan Dailey*
Michael Yesk, Esq.
CA Bar No. 130056
Megan Dailey, Esq.
CA Bar No. 221574
Yesk Law
70 Doray Drive, Suite 16

32

Pleasant Hill, CA 94523
Telephone: (925) 849-5525

## IX.  CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 8,178 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 Times New Roman 14.

_s/Megan Dailey_
Michael Yesk, Esq.
CA Bar No. 130056
Megan Dailey, Esq.
CA Bar No. 221574
Yesk Law
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
Telephone: (925) 849-5525

34

| 9th Circuit Case Number(s) | 13-16629 |
|---|---|

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | 11/19/2013 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/Megan Dailey |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) | |